HERMAN E. DAVIDSON *vs.* THOMAS A. DELANO.

If the answer, in an action upon a promissory note, dated more than six years before the commencement of the action, simply sets up the statute of limitations, and it is in issue whether payments have been made within six years, the defendant cannot be allowed, in corroboration of his own testimony that no such payments have been made, to prove that the note was without consideration.

In an action by an indorsee against the maker of a promissory note, the mere fact of indorsements of payments within six years, made in the handwriting of the payee, is not competent evidence to prove such payments.

CONTRACT upon a promissory note for $2600, dated April 1st 1845, signed by the defendant, payable to the order of D. F. Davidson, and by him indorsed to the plaintiff. The writ was dated October 31st 1863. The answer simply set up the statute of limitations.

At the trial in the superior court, before *Putnam*, J., the note was introduced in evidence, and bore indorsements of a payment of two hundred and fifty dollars on the 2d of March 1850, and one of thirty-two dollars on the 26th of July 1853. The plaintiff also introduced the deposition of the payee of the note, which tended to prove the payments which were indorsed thereon by himself, and also that the defendant had lived in the state of New York since 1855 or 1856. The deposition of the defendant was introduced in defence, in which he denied the payments;

and, in reply to the third interrogatory, he stated that the note was given without any consideration. The plaintiff objected to the competency of this answer, but the judge admitted it simply for the jury to consider in determining the question whether or not the payments had been made.

The plaintiff's counsel argued to the jury that the indorsements in the handwriting of the payee were corroborative of his testimony; but the judge instructed them that the indorsements did not of themselves furnish any competent evidence, except so far as they were proved to have been made with the knowledge of the defendant; and that the plaintiff must satisfy them of the payments by other evidence.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*B. H. Smith*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

DEWEY, J. 1. It is conceded that the defendant could not under his answer have set up, in avoidance of the action, the want of consideration of the note; but he insists that such fact may be shown, as corroborative testimony in aid of his evidence denying the fact of any partial payments having been made on the note, which would take the case out of the statute of limitations.

But we think that, under the sole plea of the statute of limitations, it must be taken, under Gen. Sts., c. 129, §§ 17, 27, for the purposes of the trial, as an admitted fact, that the note was, as set forth in the copy annexed to the declaration, given for a valuable consideration, and the plaintiff may properly assume that this is not to be questioned at the trial.

If this be not so, the whole range of defences arising from alleged frauds in obtaining the note, and from full payment, &c., are all equally open to the party in aid of his evidence upon the plea of the statute of limitations. Thus the defendant might indirectly avail himself of substantial grounds of defence without having raised them in his answer, or given to the other party a reasonable opportunity to prepare to meet them.

It seems to us, therefore, that under the naked plea or answer

of the statute of limitations it is incompetent for the defendant, in aid of his other evidence to sustain such a plea, to introduce evidence impeacning the consideration of the promissory note declared upon, and that for all the purposes of the trial a sufficient consideration must be taken to be admitted. Upon this point the exceptions are sustained.

2. The ruling of the court as to the effect to be given to the indorsements on the note in the handwriting of the payee was correct. *Waterman* v. *Burbank,* 8 Met. 354.

*Exceptions sustained.*